*W. C. Harrington*, State Attorney.
*Amos Marsh*, for defendant.

—⚫—

WILLIAM COIT, JOHN POMROY, and JOSHUA CHAMBERLAIN,

*against*

SAMUEL B. SHELDON.

After an appearance and imparlance, all defects in personal service are waived.

ERROR. This writ was brought to reverse a judgment recovered by the defendant in error against the now plaintiffs, by the consideration of *Chittenden* County Court, *February* term, A. D. 1801, on default, upon an action of debt on a bail-bond, jointly

and severally made and executed by the plaintiffs in error to the sheriff of *Chittenden* County, for the admitting *William Coit* to the liberties of the prison yard.   Bond assigned by *James Sawyer*, sheriff, to the present defendant, in the words following, to wit:

Know  all men by these presents, that I, *James Sawyer*, the sheriff within named,  do hereby assign and set over the within  bond or obligation to *Samuel B. Sheldon*, the plaintiff herein mentioned,  pursuant to the law in that case made and provided.

In witness whereof  I  have  hereunto set my hand and seal this 21st day of *May*, *Anno Domini* 1800.

*James Sawyer.*

Signed, sealed and delivered
in presence of
*Jos. Smith.*

The original writ dated 15th *July*, 1800 ; the officer's return on the same.

*Richmond, August* 28th, 1800.   Then served this writ by attaching the body of *Joshua Chamberlain*, and took  the underwritten bail  for his appearance at Court.

*James Sawyer*, Sheriff.

And  also took  *Job Boynton*  for bail  for the other two defendants' appearances.

*James Sawyer*, Sheriff.

Bail,

*Sylvanus Church,*
*Job Boynton.*

General issue pleaded, and record exhibited in oyer.

Besides the general assignment of errors, and the common exception that the judgment ought to have been rendered in the reverse, the plaintiffs in error assigned the following:

First. There is error in this, for that the said assignment, by said *James Sawyer*, sheriff, of the bail-bond mentioned in said *Sheldon's* writ and declaration mentioned, ought by law to have been made and executed under the hand and seal of the said sheriff, and the same is so described in said *Sheldon's* writ and declaration; whereas in truth and in fact the said sheriff did not affix any seal to said assignment, as appears by the exemplification of the said assignment on the records of the County Court spread here, exhibited in Court.

Secondly. There is error in this, that it does not appear, by the sheriff's return on said writ and process of the said *Sheldon* against them the said *William Coit*, *John Pomroy*, and *Joshua Chamberlain*, that any service or notice of the same writ or process was made or given to the said *William Coit* and *John Pomroy*, as the law in such cases requires.

After some conversation rather desultory upon the necessity of affixing a seal, which it was contended by the defendant's counsel was not necessary in a statute assignment, because such assignment is operative, not from the act of a private individual, which ought to be accompanied with certain solemnities indicative of his deliberate consent, but by force of the law operating through the ministry of its known

officer; and after a recurrence to the 11th section of the " act relating to gaols and gaolers, and for the relief of persons imprisoned therein," the first exception in error was abandoned:

Coit et al.
v.
Sheldon.

*Vermont* Stat.
vol. 2. p. 284.

On the second exception, the counsel for the plaintiffs contended, that it was apparent by the officer's return on the original writ, that no notice of the suit had been given to two of the then defendants. The return simply states, that the sheriff had taken *Job Boynton* for bail for the appearances of the other two defendants.

*Sed per Curiam.* The Court have inspected the record. We find that the suit on the bail-bond brought by *Samuel B. Sheldon* as assignee of the sheriff against the present plaintiffs in error, was entered at the *September* term of *Chittenden* County Court, 1800, when all the defendants, now plaintiffs in error, appeared by their attorney *Elnathan Keyes*, an enrolled attorney of the Court. The cause was continued under a rule entered by agreement of parties, that judgment should be entered by default at the *February* term, 1801.

After an appearance and imparlance, all defects in personal service are waived.

Plaintiff's counsel. With submission, we conceive, that the appearance of Mr. *Keyes*, who was merely the attorney of *Chamberlain*, ought not to operate against the other defendants, who had no notice of the suit.

Coit et al.
v.
Sheldon.

When the name of an attorney appears on the record, the Court will not suffer the record to be controverted. If a party has been injured by the appearance of counsel not retained, he may have his remedy.

*Per Curiam.* The record is express. Mr. *Keyes* appeared as the attorney of all the then defendants, and entered into a rule for an imparlance; and it is probable that the defendants' waiver of their plea in abatement for want of sufficient service, was the *quid pro quo* for the consent of *Sheldon* to the continuance.

But be this as it may, the record must not be controverted. The plaintiffs in error, it appears by it, have had their day in Court in the original suit.

If the fact be, that Mr. *Keyes* appeared for them without being engaged, which is not readily presumable in an officer of this Court, especially a gentleman of Mr. *Keyes*' character, *Pomroy* and *Coit* have their action for the injury, and they must resort to it. They cannot have relief in the present suit. The defendant in error must not suffer by their laches, or the misconduct of their attorney of record.

Let judgment be entered, that the Court have inspected the record, and find that there is no error therein; that the judgment of the County Court is affirmed, and that the defendant in error have his costs.

*W. C. Harrington* and *John Fay*, for plaintiffs.
———— ————, for defendant.